**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

CARLOS ALONSO MORENO,

       Defendant-Appellant.

No. 03-3085
(D.C. No. 02-CR-40005-SAC)
(Kansas)

---

### ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Carlos Alfonso Moreno brings this appeal challenging the district court's

calculation of his sentence under the United States Sentencing Guidelines.

Pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we exercise jurisdiction over

Mr. Moreno's appeal. The government concedes that the district court committed

plain error. We reverse and remand for resentencing.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Moreno was charged in district court with various drug offenses and with being a felon in possession of a firearm. He entered a guilty plea to possession with intent to distribute more than fifty grams of a substance containing a detectable amount of methamphetamine, 21 U.S.C. § 841(a)(1), and possession of a firearm by a prohibited person, 18 U.S.C. § 922(g).

In the presentence report (PSR) recommending Mr. Moreno's sentence, the Probation Officer added a point to his criminal history score as a result of September 2001 convictions for driving with a suspended license and for unsafe turning or stopping. Rec., vol. III at 17. For this earlier offense, Mr. Moreno was sentenced to six months in jail, with all but five days suspended, and six months of probation. *Id.* The Probation Officer justified the addition of this point by citing the sentencing guidelines, which direct that sentences for less than sixty days should be given one point. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(c). The Probation Officer then determined that Mr. Moreno's criminal history points totaled ten, placing him at the bottom of criminal history category V. *Id.* The district court agreed with this result and calculated Mr. Moreno's total adjusted offense level to be twenty-five. Rec., vol. II at 21, 25. The court subsequently sentenced Mr. Moreno to 100 months in prison, which is at the bottom of the 100 to 125 month range for an offense level twenty-five and criminal history category V. *Id.* at 25.

On appeal, Mr. Moreno asserts the district court erred by adding a point to his criminal history for the earlier sentence. Absent the additional point, Mr. Moreno would have been in a lower criminal history category and hence could have been subjected to a shorter sentence. However, because Mr. Moreno failed to raise an objection before the district court regarding the additional point for the September 2001 sentence, our review of the district court's sentencing determination is limited to the plain error standard. *United States v. Price*, 265 F.3d 1097, 1107 (10th Cir. 2001).

Application of the wrong sentencing guideline range constitutes plain error. *United States v. Occhipinti*, 998 F.2d 791, 801-02 (10th Cir. 1993). Pursuant to the guidelines, certain sentences for misdemeanors and petty offenses are not counted in calculating a defendant's criminal history. U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(c). Driving with a suspended licence is to be counted only if "the sentence was a term of probation for at least one year or a term of imprisonment of at least thirty days, or . . . the prior offense was similar to the instant offense." U. S. SENTENCING GUIDELINES MANUAL § 4A1.2(c). In this context, "[i]f part of a sentence of imprisonment [is] suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." U.S. SETENCING GUIDELINES MANUAL § 4A1.2(b)(2). "Minor traffic infractions (*e.g.*, speeding)" are never counted. U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(c)(2).

As noted above, Mr. Moreno's sentence for driving with a suspended license and unsafe turning and stopping was six months in jail, with all but five days suspended, and six months of probation. For the purposes of section 4A1.2(c)(1), then, Mr. Moreno's sentence only amounted to the five days that were not suspended. *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(b)(2). Hence, his sentence for driving with a suspended license does not fall within section 4A1.2(c)(1)'s group of covered sentences. Likewise, contrary to the guideline's requirements, Mr. Moreno's previous driving infractions are not similar to the present offense of drug and gun possession. Finally, the guidelines make clear that a minor traffic offense, which certainly includes unsafe turning and stopping, is not to be counted in calculating a defendant's criminal history category. Therefore, it was erroneous for the district court to add an additional point to Mr. Moreno's criminal history category for the September 2001 sentence. The additional point resulted in the court applying the wrong sentencing guideline range in calculating Mr. Moreno's sentence, and constituted plain error under *Occhipinti*. The government agrees that the district court plainly erred and requests that the matter be remanded to the district court for resentencing.

Consequently, we **REVERSE** the district court's ruling on this matter, and

**REMAND** for resentencing.


ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge